### Dana *against* Dana.

THIS was an action of debt on an arbitration bond. The de- claration stated the submission to arbitrators, and their award that the defendant should pay the plaintiff the sum of 132 dollars and 98 cents, and should pay the arbitrators the sum of seven dollars for their fees ; and the breaches assigned are for the non-payment of those sums. The defendant pleaded in bar, that the plaintiff ought not to have or maintain his action, because, the defendant, at the time of making the writing obligatory in the declaration mentioned, was, ever since has been, and still is, an Indian residing on lands reserved to the *Oneida* Indians, within the purview of the second section of the act, *relative to the diffe- rent tribes and nations of Indians within this state,* passed 10th of *April,* 1813. The plaintiff demurred, and showed for cause of demurrer, that the disability of the defendant was pleaded in bar, whereas it was merely temporary, and continued no longer than the defendant should actually reside on lands reserved to the *Oneida* Indians, and that the defence was only available as a plea in abatement. The defendant joined in demurrer ; and the same was submitted to the court without argument.

The act sess. 36. c. 92. rela- tive to the In- dians within this state. (2 R L. 153.) does not merely protect Indians of the *Oneida* nation, from suits on contracts, while residing on the lands reserved to that nation, but extends to suits against such Indians, wherever their residence may be: and an In- dian sued upon a contract, may plead this act in bar, and is not restricted to pleading it in abatement.

SPENCER, J. delivered the opinion of the court. The ques- tion is, whether the plea is good as a perpetual bar, or whether it is temporary disability to contract, and should have been pleaded in abatement.

It seems to me, that the plea is well pleaded. The statute provides, that no person shall sue or maintain any action on any bond, &c. against any of the Indians, called the *Stockbridge* Indians, or of the *Seneca* tribe, or nation, nor against any Indian

residing in *Brothertown*, or on any lands reserved to the *Oneida*, *Onondaga*, or *Cayuga* Indians. The object and policy of this statutory inhibition to sue these Indians on contracts made with them, has already been expounded by this court  (7 *Johns. Rep.* 290. and 9 *Johns. Rep.* 362.) We considered the statute as a guard against the imposition and frauds to which that unfortunate race of men are exposed, from their ignorance and mental debasement. The statute was not intended as a temporary protection from suits, limited to the residence of these Indians on their reservations; for the *Stockbridge* and *Seneca* tribes are protected from suits on contracts, without reference to their locality; and why should not the other tribes receive the same protection? A fair, liberal, and just interpretation of the statute affords them the same shield.

Judgment for the defendant.