The motion to dismiss the indictments is, therefore, denied.

Motion denied.

---

CORNELIUS PLUMMER, Plaintiff, *v.* LORENZO G. HUBBARD, Defendant.

(Supreme Court, Cattaraugus Trial Term, September, 1921.)

Ejectment — action on contract cannot be maintained against a Seneca Indian — no title acquired in land of an Indian purchased at a sheriff's sale under execution — Indian Law, § 2.

Under section 2 of the Indian Law an action on contract is not maintainable against an Indian of the Seneca nation and a judgment rendered against him in such an action is void.

Where the real estate of an Indian of the Seneca nation has been sold at a sheriff's sale under an execution issued upon a judgment to recover against him for goods sold, he is entitled to judgment in an action in ejectment against the grantee of the purchaser at the execution sale.

ACTION in ejectment, tried before the court without a jury.

J. M. Seymour, for plaintiff.

J. E. Bixby, for defendant.

BROWN, J. The plaintiff is an Indian and a member of the Seneca nation of Indians. On August 5, 1907, he purchased the real estate described in the complaint, situated seven miles from the Cattaraugus Indian Reservation, entered into possession thereof, resided thereon until the fall of 1915. In October, 1916, one John B. Moss commenced an action at law against the plaintiff to recover the purchase price of groceries theretofore sold by him to the plaintiff, by the personal service of a summons issued by Albert C. White, a justice of the peace, of the town of Dayton, said county; such proceedings were thereafter had and taken in said action that on the 23d day of October, 1916, a judgment was duly rendered by such justice of the peace in favor of said Moss against the plaintiff for fifty-two dollars and thirteen cents damages and costs; a transcript of such judgment was duly filed in the office of the clerk of Cattaraugus county; execution was duly issued and a levy made upon the premises described in the complaint; a sale thereof was duly had and on April 12, 1918, a duly executed sheriff's deed was delivered to said Moss, who in the fall of 1919 took possession of said premises, and in October, 1920, executed and delivered to the defendant a warranty deed thereof. The defendant being in possession of the premises and claiming title thereto, the plaintiff, in February, 1921, commenced this action to recover the possession thereof. The plaintiff's claim being that by the provisions of

section 2 of the Indan Law the judgment upon which defendant's title and right of possession is based was void and of no validity. That section. is as follows:

"An Indian shall be liable on his contracts not prohibited by law; and a native Indian may take, hold and convey real property the same as a citizen. Upon becoming a freeholder to the value of one hundred dollars he shall be subject to taxation. No person shall maintain an action on a contract against any Indian of the Tonawanda nation, the Seneca nation or Onondaga tribe, nor against any of their Indian friends residing with them on their reservations in this state, and every person who prosecutes such an action shall be liable to treble costs to the party aggrieved."

In *Hastings* v. *Farmer,* 4 N. Y. 293, the Court of' Appeals held that by virtue of the foregoing statute a judgment upon a contract made by an Onondaga Indian was void; that the bringing of an action was prohibited and that the court had no jurisdiction to render a judgment. While it is true that in the *Hastings* case the Indian résided upon the reservation lands of his tribe, it is not believed that the fact that the plaintiff Plummer resided upon his lands away from the Cattaraugus reservation of the Seneca nation of Indians exempted him from the prohibition of the statute. In *Dana* v. *Dana,* 14 Johns. 181, the statute prohibited actions on contract " against any of the Indians * * * of the Seneca tribe, or nation, nor against any Indian residing in Brothertown, or on any lands reserved to the Oneida, Onondaga or Cayuga Indians." It was there held that the statute was not intended as a temporary protection from suits, limited to the residence of these Indians on their reservation; for the Stockbridge and Seneca

tribes are protected from suits on contracts, without reference to their locality.

At the time section 2 of the Indian Law above quoted was enacted in 1893, the provisions of section 4 of chapter 87 of the Laws of 1843 were in force. By those provisions an Indian who became a freeholder to the value of $100 became liable upon his contracts and subject to taxation, and to the civil jurisdiction of the courts of law and equity of this state in the same manner and to the same extent as a citizen thereof. It was by virtue of these provisions that the United States District Court in and for the Northern District of New York in the unreported case of *United States* v. *Elm,* decided in 1876, that such a freeholder Indian was entitled to vote the same as any other citizen of this state. Section 4 of chapter 87 of the Laws of 1843 making a freeholder Indian liable upon his contracts was in force until 1909 when it was repealed by chapter 52 of the laws of that year. Whatever conflict existed between the provisions of section 2 of the Indian Law enacted in 1893, prohibiting an action against an Indian upon his contracts, and the provisions of section 4 of chapter 87 of the Laws of 1843, making a freeholder Indian liable upon his contracts, was entirely eliminated by the repeal of chapter 87 of Laws of 1843 by chapter 52 of Laws of 1909. While it might be interesting to discuss the status of a freeholder Indian as to his contracts during the existence of this statutory conflict, it certainly would be of no assistance to the defendant. The mere fact that an Indian possessing a freehold of the value of $100 is subject to taxation in no manner affects his liability on his contracts. If it was designed that being subject to taxation would carry with it a liability on all his contracts enforceable by the courts, such design must have been expressly

stated, in view of the fact that the same section prohibits the bringing of an action upon contract. The plaintiff was an Indian of the Seneca nation when the action was brought against him. Such action was prohibited. The court had no jurisdiction to render the judgment against him. The judgment was void. The defendant could acquire no title based upon the void judgment.

The plaintiff must have judgment awarding him the possession of the premises described in the complaint together with the costs of the action.

Judgment for plaintiff.